UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>KAPLAN HIGHER EDUCATION CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:  1:10 CV 2882<br><br>Judge Patricia A. Gaughan |
|---|---|---|

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant Kaplan Higher Education Corporation ("Defendant" or "Kaplan"), for its answer to Plaintiff's Complaint, states as follows:

### ANSWER TO "NATURE OF THE ACTION"

Defendant admits that Plaintiff purports to bring the instant action under Title VII of the Civil Rights Act of 1964, as amended, and seeks relief for a class of Black job applicants and incumbents.  Defendant denies that it engaged in unlawful employment practices and denies that Plaintiff or those it purports to represent are entitled to any relief.  Defendant denies any remaining allegations in the unnumbered Paragraph entitled "Nature of the Action."

### ANSWER TO "JURISDICTION AND VENUE"

1. The allegations contained in Paragraph 1 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. The allegations contained in Paragraph 2 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

### ANSWER TO "PARTIES"

3. Defendant admits that the Equal Employment Opportunity Commission is a governmental agency of the United States of America. The remainder of the allegations contained in Paragraph 3 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits that Kaplan is a Delaware corporation, that it conducts business in Cuyahoga County, Ohio, and that it has at least 15 employees. Defendant denies any remaining allegations contained in Paragraph 4 of the Complaint.

5. The allegations contained in Paragraph 5 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

### ANSWER TO "STATEMENT OF CLAIMS"

6. Defendant admits that, more than 30 days before the filing of this lawsuit, Shandria S. Nichols filed a charge of discrimination with the Commission alleging violations of Title VII. Defendant denies the remaining allegations of Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

## ANSWER TO "PRAYER FOR RELIEF"

Defendant denies that Plaintiff is entitled to any of the relief requested in sub-paragraphs A through E of the Complaint and denies that Plaintiff is entitled to any relief whatsoever.

## ANSWER TO THE REMAINDER OF THE COMPLAINT

Defendant denies every remaining allegation in the Complaint that has not been separately and specifically admitted.

## JURY TRIAL DEMAND

Defendant demands a trial by jury on all claims and issues that are triable by a jury.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiff. Defendant reserves the right to amend its answer and to assert any additional defenses and affirmative defenses as may become available or apparent during the course of this litigation.

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Claims in Plaintiff's Complaint for damages or other relief on behalf of allegedly injured individuals are barred by the applicable statutes of limitations.

## THIRD DEFENSE

Claims in Plaintiff's Complaint for damages or other relief on behalf of allegedly injured individuals are barred to the extent that those individuals did not mitigate their damages in a timely manner or with diligence following the cessation of their employment and/or the decision not to hire them, and their damages, if any, should be reduced accordingly.

**FOURTH DEFENSE**

Claims in Plaintiff's Complaint for damages or other relief on behalf of allegedly injured individuals are barred to the extent that they assert claims on behalf of persons who failed to satisfy and exhaust the administrative prerequisites necessary to asserting such claims.

**FIFTH DEFENSE**

Claims in Plaintiff's Complaint for damages or other relief on behalf of allegedly injured individuals are barred by the doctrines of waiver, laches, estoppel, res judicata, issue preclusion, and/or claim preclusion.

**SIXTH DEFENSE**

Claims in Plaintiff's Complaint for damages or other relief on behalf of allegedly injured individuals are barred because they are beyond the scope of any administrative charge or the EEOC's investigation thereof, were not subject to administrative, investigation, or conciliation processes, and/or were not included in any investigation and/or determination by the EEOC.

**SEVENTH DEFENSE**

Claims in Plaintiff's Complaint for damages or other relief on behalf of allegedly injured individuals are barred by the doctrine of unclean hands.

**EIGHTH DEFENSE**

Claims in Plaintiff's Complaint for damages or other relief on behalf of allegedly injured individuals are barred by the after acquired evidence doctrine.

**NINTH DEFENSE**

Claims in Plaintiff's Complaint for damages or other relief on behalf of allegedly injured individuals are barred because they seek relief for discrete acts which do not fall within the continuing violation doctrine and are time barred.

**TENTH DEFENSE**

While Defendant expressly denies that any of its employees, officers, or agents acted in any manner that would constitute a violation of any laws, if any such violation occurred, it occurred outside the scope of employment or agency and without the consent of Defendant. Defendant did not authorize, condone, ratify, or tolerate any illegal or tortious acts, but instead prohibited such acts, and such conduct may not be attributed to Defendant through principles of agency, respondeat superior, or otherwise.

**ELEVENTH DEFENSE**

Some or all of Plaintiff's claims are barred due to an unreasonable failure to take advantage of preventative or corrective opportunities provided by Defendant or otherwise.

**TWELFTH DEFENSE**

Plaintiff cannot establish a pattern or practice of discrimination because the disputed employment decisions at issue were made by different decision-makers.

**THIRTEENTH DEFENSE**

Defendant did not commit the acts or omissions as alleged in Plaintiff's Complaint with discriminatory motives, but assuming that it did, such acts or omissions would have been taken in any event for legitimate, non-discriminatory, and non-pretextual reasons.

**FOURTEENTH DEFENSE**

To the extent any allegedly injured individual on whose behalf Plaintiff has sued has entered into a settlement agreement and release with Defendant and received consideration, therefore, any and all claims that Plaintiff brings on behalf of such individual against Defendant, including without limitation, the claims alleged herein, are barred in their entirety.

**FIFTEENTH DEFENSE**

To the extent Plaintiff and allegedly injured individuals on whose behalf Plaintiff sues make allegations or claims under Title VII with respect to alleged claims in a time period more than three hundred (300) days before any allegedly injured individual filed a charge with the EEOC, or which were not made the subject of a timely EEOC charge, such allegations or claims are barred.

**SIXTEENTH DEFENSE**

Insofar as Defendant's hiring policies, or any other employment policy or procedure utilized by Defendant, has had a statistically adverse impact on individuals of a certain race, such policies or practices nevertheless are lawful because they are job-related and consistent with business necessity.

**SEVENTEENTH DEFENSE**

Any or all allegedly injured individuals on whose behalf Plaintiff sues have contractually waived their right to relief.

**EIGHTEENTH DEFENSE**

To the extent that any or all allegedly injured individuals on whose behalf Plaintiff sues have brought claims in another forum, such allegedly injured individuals cannot recover multiple times for the same alleged injuries.

**NINETEENTH DEFENSE**

Plaintiffs claims are barred to the extent they seek relief for employment decisions made more than three hundred (300) days before the EEOC notified Defendant of a charge or investigation relating to such claims.

## **TWENTIETH DEFENSE**

Defendant specifically reserves the right to amend this Answer with additional affirmative defenses and/or counterclaims as additional investigation, discovery and circumstances may warrant.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief and requests that Plaintiff's Complaint be dismissed in its entirety with prejudice, that judgment be entered in Defendant's favor and that Defendant be awarded its costs, attorneys' fees, and such other relief as this Court deems appropriate.

Respectfully submitted,

SEYFARTH SHAW LLP


By  s/ Gerald L. Maatman, Jr.
Gerald L. Maatman, Jr., *gmaatman@seyfarth.com*\*
Steven J. Pearlman, *spearlman@seyfarth.com*\*
Jennifer A. Riley, *jriley@seyfarth.com*\*
Brandon L. Spurlock, *bspurlock@seyfarth.com*\*
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois  60603-5577
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
*\*Appearing pro hac vice*

Stephen S. Zashin, *ssz@zrlaw.com* (0064557)
B. Jason Rossiter, *bjr@zrlaw.com* (0069775)
David R. Vance, *drv@zrlaw.com* (0083842)
ZASHIN & RICH CO., L.P.A.
55 Public Square, 4th Floor
Cleveland, Ohio 44113
Telephone:  (216) 696-4441
Facsimile:  (216) 696-1618

*Attorneys for Defendant Kaplan Higher Education Corporation*

## CERTIFICATE OF SERVICE

Gerald L. Maatman, Jr., an attorney, certifies that on March 4, 2011, he caused a true and correct copy of the foregoing DEFENDANT'S ANSWER TO COMPLAINT to be filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to attorneys of record, including the following:

Debra M. Lawrence
Regional Attorney
EEOC – Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland  21201
Telephone:  (410) 209-2734
Facsimile:  (410) 962-4270

Maria Kate Boehringer
Supervisory Trial Attorney
EEOC – Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland  21201
Telephone:  (410) 209-2722
Facsimile:  (410) 962-4270

Jeffrey A. Stern, *jeffrey.stern@eeoc.gov*
U.S. Equal Employment Opportunity Commission
Cleveland Field Office
AJC Federal Building
1240 East Ninth St., Suite 3001
Cleveland, Ohio  44199
Telephone:  (216) 522-7458
Facsimile:  (216) 522-7430

s/ Gerald L. Maatman, Jr.
Gerald L. Maatman, Jr.

13147214v.1