**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) | CASE NO. 1:10 CV 2882 |
| Plaintiff, | ) ) | JUDGE PATRICIA A. GAUGHAN |
| vs. | ) ) | |
| Kaplan Higher Education Corp., | ) ) | **Memorandum of Opinion and Order** |
| Defendant. | ) | |

### **INTRODUCTION**

This matter is before the Court upon defendant's Motion to Compel Rule 30(b)(6) Deposition (Doc. 20). This is a discrimination case under Title VII of the Civil Rights Act of 1964, as amended. For the following reasons, defendant's motion is GRANTED.

### **BACKGROUND**

The facts of this case are set forth in the Court's Memorandum of Opinion and Order granting defendant's partial motion to dismiss on May 10, 2011 (Doc. 26). Defendant served plaintiff with a Rule 30(b)(6) deposition notice on March 24, 2011. The notice called for the

1

following topics of inquiry:

> 1. Factual information and documents that support or rebut Plaintiff's allegation in the Complaint that "Defendant has subjected a class of aggrieved Black job applicants and incumbents throughout the United States to an ongoing pattern or practice of discriminatory failure to hire such persons because of their race, Black, in violation of Title VII [because] Defendant has used, and continues to use, a selection criterion for hiring and discharge, namely credit history information, that has had, and continues to have, a significant disparate impact on Black job applicants and incumbents, is not job-related and consistent with business necessity, and for which there are appropriate, less-discriminatory alternative selection procedures."
>
> 2. Factual information and documents that support or rebut Plaintiff's allegation in the Complaint that Defendant's "practice[] . . . has been to deprive a class of Black job applicants and incumbents of equal employment opportunities and otherwise adversely affect their status as applicants because of their race."
>
> 3. Factual information and documents that support or rebut Plaintiff's allegation in the Complaint that Defendant's "unlawful employment practices . . . are part of a continuing course of race discrimination perpetrated against Black job applicants and incumbents by Defendant that has persisted since at least January, 2008."
>
> 4. Policies, procedures, practices and criteria used by Plaintiff that determine or effect the scope of the investigation conducted or complaint brought by Plaintiff on behalf of a complainant(s), including but not limited to the factors taken into account when determining the group of persons who potentially may be aggrieved by allegations or factors identified in an underlying charge(s).
>
> 5. Any internal policies or mandates of Plaintiff to investigate or prosecute alleged discrimination resulting from the use of credit or financial history information.
>
> 6. Policies, procedures, practices and criteria used by Plaintiff for conducting statistical analysis pertaining to disparate

       impact described in Plaintiff's complaint.

  7. Requirements, policies, practices, or procedures of Plaintiff relating to the performance of background checks or credit checks on any employees or applicants for employment with Plaintiff.

  8. Requirements, policies, practices, or procedures of Plaintiff relating to the use or consideration of background or credit history in employment or hiring decisions.

  9. Any and all steps in Plaintiff's investigation of the claims asserted in its Complaint.

Plaintiff objected to the notice on April 12, 2011 and indicated that it would not designate a Rule 30(b)(6) representative because the deposition would be duplicative in light of plaintiff's future document production and because the deposition would require the testimony of plaintiff's counsel and would violate a number of privileges. The parties were subsequently unable to resolve their discovery dispute and defendant filed the instant motion.

**ANALYSIS**

Defendant argues that plaintiff should be compelled to designate a Rule 30(b)(6) deponent because the EEOC is subject to the same discovery rules that apply to private parties. Specifically, defendant argues that the possibility that plaintiff might produce documents that relate to the deposition topics does not relieve plaintiff of the obligation to produce a Rule 30(b)(6) deponent, and that plaintiff cannot refuse to designate a Rule 30(b)(6) deponent based on blanket assertions of privilege. Defendant further argues that there is no reason why the Rule 30(b)(6) designee must be an attorney. Defendant asserts that the noticed deposition topics seek factual information that directly relates to the claims and defenses in this case, not privileged information or work product. Defendant also argues that Sixth Circuit precedent does not

prevent inquiry into the scope of the investigation. Finally, defendant argues that the EEOC's use of pre-employment screening tools, such as background checks and credit checks, is relevant to how the EEOC interprets its own guidance on valid business necessity for the use of such tools, and is relevant to defendant's estoppel defense.

Plaintiff argues that the notice improperly seeks the testimony of plaintiff's counsel. Plaintiff asserts that because the EEOC is a law enforcement agency, it has no independent knowledge of the information giving rise to litigation, and the responsive information can only be obtained through disclosure of counsel's work product. Plaintiff argues that the deposition notice seeks more than facts in that it requires plaintiff to testify as to how factual information and documents support or rebut the allegations in the complaint, and such testimony would violate the work product privilege. Plaintiff also argues that the deposition notice requires testimony that would violate the attorney-client privilege, the common interest privilege, the law enforcement privilege, and the deliberative process privilege. Plaintiff further argues that in the Sixth Circuit, the scope of its investigation is not a relevant topic of discovery. Finally, plaintiff argues that Paragraphs 7 and 8 seek information that is both privileged and irrelevant, and has no evidentiary value in this case.

Upon review, the Court finds that plaintiff must designate and produce a witness for a Rule 30(b)(6) deposition. The Federal Rules of Civil Procedure provide for broad discovery between parties, so long as information is relevant and not privileged. Fed. R. Civ. P. 26(b)(1). Government agencies are not exempt from this rule. Plaintiff provides little support for its statement that "the responsive information sought can only be obtained through disclosures of its

counsel's work product."[1] Plaintiff relies primarily on two cases to justify its position. The Court is not persuaded by either.

In *SEC v. SBM Certificates, Inc.,* No. DKC 2006-0866, 2007 WL 609888, at *22-26 (D. Md. Feb. 23, 2007), the court granted the SEC's motion for a protective order to quash a Rule 30(b)(6) deposition notice, finding that the deposition topics would require preparing a witness with attorney opinion work product. The deposition notice primarily sought the SEC's communications related to the SEC's investigation of other specific cases, and the SEC's communications related to the *results* of the investigation at issue. *Id.* at *24. Here, however, defendant appears to be seeking primarily factual information related to this case.

The court in *EEOC v. McCormick & Schmick's Seafood Restaurants,* No. WMN-08-CV-984, 2010 WL 2572809 (D. Md. June 22, 2010), likewise granted a motion for a protective order preventing the defendant from taking a Rule 30(b)(6) deposition and relied upon the rationale in *SBM Certificates* to do so. The deposition notice in *McCormick & Schmick's*, however, was very different from the deposition notice in *SBM Certificates.* For example, the deposition notice in *McCormick & Schmick* sought, *inter alia*, factual information and documents supporting or rebutting the allegations in the complaint, much like the deposition notice at issue here. Nevertheless, the court found that its decision was not inconsistent with the courts' decisions in *EEOC v. Albertson's LLC,* No. 06-cv-01273-WYD-BNB, 2007 WL 1299194

---

[1] Plaintiff argues that the deposition notice requires it to "describe its analysis of each fact and document in deposition and explain to Defendant why EEOC believes each piece of information obtained either supports or rebuts EEOC's claim." The language of the deposition notice does not reflect such a requirement. In light of the deposition notice and defendant's representation in its reply brief that it is seeking only factual information obtained during the investigation, it does not appear that defendant is seeking such analysis.

5

(D. Colo. May 1, 2007), *Serrano v. Cintas Corp,* No. 04-40132, 2007 WL 2688565 (E.D. Mich. Sept. 10, 2007), and *EEOC v. Burlington Northern & Santa Fe RR Co.,* No. 07-734, 2008 WL 4845308 (W.D. Okla. June 23, 2008), all cases where the courts *granted* the defendants' motions to compel the EEOC to submit to a Rule 30(b)(6) deposition.

The court in *McCormick & Schmick's* explained this apparent contradiction as follows: "[I]n each of those cases cited by Defendants, the Court only allowed deposition of an investigator designated by EEOC as to the facts the investigator learned during her investigation, but did not allow questions that invaded work product or attorney client privilege." *McCormick & Schmick's,* 2010 WL 2572809 at *5. Accordingly, the Court is not persuaded that *McCormick & Schmick's* supports plaintiff's position that the deposition notice in this case seeks attorney work product or otherwise requires the testimony of plaintiff's counsel. Plaintiff is free to designate an EEOC investigator or other agency employee, and plaintiff may designate different individuals to testify as to different categories of information. Moreover, in granting defendant's motion to compel, the Court does not at this point in time overrule any objections based upon any privileges that plaintiff may assert in response to specific questions during the deposition. The Court finds that ruling on any assertions of privilege prior to a deposition would be premature, contrary to plaintiff's arguments. *See United States v. Hodgson,* 492 F.2d 1175, 1177 (10th Cir. 1974) ("A general refusal to cooperate is not enough. [A party] must normally raise the privilege as to each record sought and each question asked so that at the enforcement hearing the court can rule with specificity."). Plaintiff may assert its objections based on privilege during the deposition and it is the plaintiff's burden to prove that any privilege asserted applies. *United States v. Dakota,* 197 F.3d 821, 825 (6th Cir. 1999) ("The burden of establishing the

existence of the privilege rests with the person asserting it.").

The Court is also not persuaded that *EEOC v. Keco Industries, Inc.,* 748 F.2d 1097, 1100 (6th Cir. 1984), prohibits defendant from inquiring into the scope of the investigation, as plaintiff argues. The Sixth Circuit in *Keco* held that the district court erred in allowing the defendant to challenge the *sufficiency* of the EEOC's investigation leading to its issuance of the reasonable cause determination. *Id.* at 1100. The Sixth Circuit stated:

> [T]he nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency. The purpose of the EEOC's investigation of a discrimination charge is to determine if there is a basis for that charge. The reasonable cause [] determination issued as a result of the investigation is designed to notify the employer of the EEOC's findings and to provide a basis for later conciliation proceedings.

*Id.* at 1100 (citations omitted). The *scope* of the EEOC's investigation, however, is limited to an investigation which is "reasonably expected to grow out of the initial charge of discrimination." *Id.* at 1101. Thus, as to any claims would not be reasonably expected to grow out of an initial charge of discrimination, the EEOC must investigate the claims, issue a reasonable cause determination, and attempt to conciliate them prior to filing suit. *Id.* at 1101 (citing *EEOC v. Bailey Co., Inc.*, 563 F.2d 439 (6th Cir. 1977)). Accordingly, the Court finds that the scope of the investigation is relevant.

Finally, the Court finds that the information defendant is seeking in Paragraphs 7 and 8 is relevant to plaintiff's claims and may lead to admissible evidence. Plaintiff alleges that defendant's use of credit history checks is not job-related or consistent with business necessity, and that there are less discriminatory alternatives available. Whether the EEOC uses background or credit checks in hiring its employees is relevant to whether such measures are a business

necessity. Accordingly, defendant is entitled to depose plaintiff's Rule 30(b)(6) designee on these topics.

## **CONCLUSION**

For the foregoing reasons, defendant's Motion to Compel Rule 30(b)(6) Deposition is GRANTED. Plaintiff may assert applicable privileges during the deposition.

IT IS SO ORDERED.


       /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Judge

Dated: 5/26/11