**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Equal Employment Opportunity Commission,** | ) ) ) | **CASE NO. No. 1:10 CV 2882** |
| Plaintiff, | ) ) | **JUDGE PATRICIA A. GAUGHAN** |
| vs. | ) ) | |
| **Kaplan Higher Education Corporation,** | ) ) | **Memorandum of Opinion and Order** |
| Defendant. | ) | |

Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "plaintiff"), filed the complaint in this case on December 21, 2010, against defendant Kaplan Higher Education Corporation (referred to herein as "Kaplan Higher Education Corporation," "KHEC," or "defendant"),[1] alleging that KHEC has engaged in a nationwide pattern or practice of race discrimination against black job applicants and current employees in violation of Title VII of the Civil Rights Act of 1964. Shandria S. Nichols filed the initial charge of

---

[1] The Complaint identified the defendant as "Kaplan Higher Education, Inc." and "KHEC." Defendant identified itself in its answer and in prior motions with the Court as "Kaplan Higher Education Corporation."

1

discrimination with the EEOC on February 26, 2009, alleging that defendant hired her on February 5, 2009, and then discharged her on February 15, 2009, because of the results of a credit history check. Nichols stated in the charge that she believed she had been discriminated against because she was black and that KHEC discriminated against black individuals as a class through the use of credit histories.

The EEOC moves for leave to amend its complaint pursuant to Fed. R. Civ. P. 15 to join Kaplan, Inc., as a "successor employer and necessary defendant under Fed. R. Civ. P. 19(a)(1)(A)." (Doc. 47.) For the reasons stated below, the EEOC's motion is granted.

**Standard of Review**

Fed. R. Civ. P. 15(a)(2) provides that after a responsive pleading is filed, a complaint may be amended only with the opposing party's written consent or "the court's leave" and that "[t]he court should freely give leave when justice so requires."

**Discussion**

The EEOC contends the Court should allow it to file an amended complaint joining "Kaplan, Inc." as a new party defendant due to changes that occurred in defendant's organizational structure in July, 2011. Defendant's counsel raised the issue of amending the complaint due to a corporate reorganization during a September 27, 2011 deposition noticed by the EEOC pursuant to Fed. R. Civ. P. 30(b)(6). During the deposition, defendant's counsel stated:

> The Defendant in this case, Kaplan Higher Education, Inc. is essentially dissolved at this point. This witness is from Kaplan, Inc. as the entity that's best positioned to answer your questions. So you may need to amend the complaint to reflect that this organization here as the defendant is no longer in existence.

(Seelye Dep., at 5-6, attached as Ex. 3 to EEOC Mot.)

The deponent was Matthew Seelye, the chief financial officer of "Kaplan, Inc. and its subsidiaries," who was designated by defendant to testify about "the job relatedness and business necessity of Kaplan's use of credit history reports in the hiring and employment process."  (*See* Seelye Dep. Ex. 1.)  When the EEOC questioned Mr. Seelye about defense counsel's statement, Mr. Seelye testified:

> The organizational structure of the company historically has been Kaplan, Inc., Kaplan Higher Education, Incorporated, and then Kaplan Higher Education Corporation which oversees our ground schools campuses, and Kaplan University that oversees our online university.  So, Kaplan Higher Education, Incorporated was a middle layer that's a management structure that was responsible for these two business units.
>
> **Over the course of the last two months we've taken steps to de-consolidate that middle layer or rather delayer and consolidate Kaplan Higher Education, Incorporated either with duties up into Kaplan, Inc. or take those duties down into the units.  So, over the course of the last two months that layer as a management structure has been eliminated for efficiency and cost purposes**.

(Seelye Dep. at 6-7) (emphasis added).

The EEOC asserts that, following the 30(b)(6) deposition in which Mr. Seelye and defendant's counsel indicated that the named defendant had been eliminated, the EEOC "researched the corporate reorganization issue and discovered a July 19, 2011 press release" in which Kaplan, Inc. announced a new organizational structure for "Kaplan Higher Education." The press release announced the departure of the Chief Executive Officer of "Kaplan Higher Education" and stated that:

> Most centralized services provided under the KHE umbrella will be shifted to the units that house its two separate types of institutions – the Kaplan College/Kaplan Career Institute campuses, and Kaplan University.  Some centralized services will move to Kaplan, Inc.  The KHE administrative infrastructure will essentially disappear.

3

In its motion to for leave to file an amended complaint, the EEOC asserts:

> Based on the testimonial evidence and Defendant's counsel's representation made during the September 27th deposition, along with Kaplan, Inc.'s July press release confirming that Kaplan, Inc. is a proper defendant, good cause exists to amend the EEOC's Complaint and add Kaplan, Inc. as a successor defendant and as a Rule 19 necessary party for full relief.[2] Defendant KHEC , which apparently no longer exists *de facto*, will not be prejudiced by this amendment – none of the discovery deadlines have expired, the dispositive motion deadline has not expired, and no trial order has been issued. Although the deadline to amend without leave of Court passed on June [1, 2011], the corporate reorganization at issue did not occur until after that deadline; therefore, EEOC could not have amended its complaint on these grounds before the June 1st deadline.

(Mot. at 2.) The EEOC asserts that, although Kaplan, Inc. is properly added as a defendant, it is "not yet clear that Kaplan, Inc. should be substituted for [KHEC]" because "KHEC's March 4, 2011 Corporate Disclosure Statement (Doc. #14) identified Defendant KHEC as a subsidiary of its parent, Kaplan, Inc.," and the "EEOC has not located any amended Corporate Disclosure Statement reflecting the dissolution and/or non-existence of Defendant KHEC." Thus, the EEOC contends, "it appears that KHEC remains a corporation in good standing" such that there is no "factual basis on which to substitute Kaplan, Inc. for Defendant KHEC at this time." (Mot. at 2-3.)

In sum, the EEOC argues that amendment of its complaint is appropriate under the "freely given" standard of Fed. R. Civ. P. 15 in that:

> KHEC's reorganization did not occur until after the June 1st deadline to amend the pleadings. Additionally, the reorganization and purported dissolution was not disclosed to EEOC until late September 2011. Evidence and disclosure obtained during the September 27th deposition supports a strong Title VII successor claim

---

[2] Fed. R. Civ. P. 19(a)(1)(A) provides that a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if "in that person's absence, the court cannot accord complete relief among existing parties."

4

> against *Kaplan, Inc. under EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086 (6th Cir. 1974) and clearly supports the conclusion that Kaplan, Inc. is a necessary party for according relief under Rule 19. Complete relief cannot be accorded against a dissolved in fact, non-existing corporation.

(Mot. at 4.)

KHEC opposes the EEOC's motion. First, KHEC argues that the EEOC's motion should be denied because the Court's scheduling order entered ten months ago required the parties "to file any motions" for leave to amend the pleadings or add new parties on or before June 1, 2011. (Opp. at 7.) KHEC asserts that the EEOC has failed to request an extension of the scheduling order as required by Fed. R. Civ. P. 16 [3] and could not demonstrate "good cause" to modify the order because the EEOC did not act with "reasonable diligence" in seeking to file an amended complaint, and the proposed amendment would cause Kaplan, Inc. "substantial prejudice" (in that Kaplan, Inc. would be required "to incur unnecessary time and expense" moving to dismiss the amended complaint and would not be allowed sufficient time to obtain discovery from the EEOC). (Opp. at 9.) KHEC's argument lacks merit. As the EEOC points out, the Court's case management order set June 1, 2011 as the deadline to amend the pleadings and add new parties "without leave of Court." (Doc. 16.) The EEOC is entitled to seek leave to file an amended complaint at this juncture pursuant to Fed. R. Civ. P. 15(a). It is not necessary for the EEOC to seek a schedule modification pursuant to Fed. R. Civ. P.16.

Second, KHEC argues that the EEOC's request to add Kaplan, Inc. as a defendant is "procedurally improper" under Rules 15 and 19 of the Federal Rules of Civil Procedure. (Opp.

---

[3] Fed. R. Civ. P. 16(b)(4) provides that a court's schedule may be modified only for good cause and with the judge's consent.

5

at 10.) KHEC argues that "joinder" of Kaplan, Inc. as a party under Rule 19(a)(1)(A) is improper because the EEOC concedes that KHEC continues to exist as a corporation in good standing and has not demonstrated that it could not obtain complete relief from KHEC. KHEC contends amendment is not warranted under Fed. R. Civ. P. 15 because KHEC's proposed amended complaint is futile. Specifically, KHEC argues the EEOC's allegation in its proposed amended complaint that Kaplan, Inc. is the "successor of KHEC" is conclusory and insufficient to state a claim against Kaplan, Inc. as a successor corporation under *EEOC v. MacMillan Bloedel*, 503 F.2d 1086, 1094 (6th Cir. 1974).

KHEC acknowledges in its opposition brief that its counsel represented during Mr. Seelye's deposition that KHEC was "dissolved" but asserts that its counsel made this statement "mistakenly." KHEC asserts that Mr. Seelye accurately explained the management changes that occurred at KHEC "in a functional way." (Opp. at 4.) According to KHEC, Mr. Seelye explained in his deposition that defendant's "management structure" was "de-consolidated" but "did not testify that either Kaplan Higher Education, Inc. or Kaplan Higher Education Corporation had been dissolved as a corporate entity," and Mr. Seelye explained that the functions at issue in this lawsuit (defendant's alleged use of credit history as a hiring criterion) "continue to be performed within Kaplan Higher Education Corporation and have never been transferred to or performed by Kaplan, Inc." (Opp. at 4-5.)

KHEC faults the EEOC for failing to take any additional discovery following Mr. Seelye's deposition "despite Plaintiff's apparent confusion regarding [KHEC's] corporate structure." According to KHEC, it advised the EEOC before it filed its motion for leave to amend its complaint "that the EEOC's Motion was based on a misunderstanding" and that "an

amendment of the complaint to add Kaplan, Inc. was not necessary or warranted." KHEC asserts that, after the EEOC filed its motion, it provided the EEOC with additional information – the Declaration of Christopher E. Paetsch, Vice-President and Associate General Counsel for Kaplan, Inc., along with SEC filings and a Certificate of Good Standing for KHEC. (Opp. at 6.) KHEC contends these items, as well as the deposition testimony of Mr. Seelye and Howard Rogoff – already in the EEOC's possession – "make clear" that the management of defendant's screening process, the function at issue in this case, still resides with "Kaplan Higher Education Corporation and its business units" and, therefore, Kaplan, Inc. is not a proper defendant. (Opp. at 6-7.)

The EEOC disputes defendant's position that the materials KHEC provided make clear that Kaplan, Inc. is not a proper defendant. In fact, the EEOC contends in its reply brief that the discovery it has gathered to date indicates that Kaplan, Inc. and another related corporate entity, Iowa College Acquisition Corporation d/b/a Kaplan University ("ICAC" or "Kaplan University"), have absorbed all of KHEC's functions. Thus, the EEOC has supplemented its motion to seek leave to file an amended complaint adding Kaplan, Inc. *and* ICAC as defendants.

The Court will allow the EEOC to file an amended complaint naming Kaplan, Inc. and ICAC as defendants. Contrary to KHEC's contention that it provided evidence to the EEOC clearly demonstrating that the corporate function at issue in this lawsuit – the alleged use of credit history as a hiring criterion – resided and continues to reside only in KHEC, KHEC's evidence does not clearly demonstrate the impact of its July 2011 reorganization on KHEC or clarify what entity or entities perform the corporate function at issue. The EEOC has pointed to evidence suggesting that Kaplan, Inc. and ICAC are responsible for employee credit history

7

checks.

Most significantly, as the EEOC points out in its motion, it was *defendant*'s counsel who stated during Mr. Seelye's deposition that the defendant in the case had functionally "dissolved" as a result of a corporate reorganization and that the EEOC should amend its complaint to reflect that fact. Although defendant asserts in its opposition brief that its counsel made this representation "mistakenly," defendant nonetheless designated Mr. Seelye – the CFO of "Kaplan, Inc. and its subsidiaries" – as the proper person within defendant's corporate structure to testify as to the job relatedness and business necessity of defendant's use of credit history reports in the hiring and employment process. This suggests that Kaplan, Inc. is a proper defendant.

Further, Mr. Seelye testified that "Kaplan Higher Education, Inc." was eliminated in the reorganization that occurred in July 2011, and that the functions of Kaplan Higher Education, Inc. were either reassigned upward in the corporate chain (to Kaplan, Inc.) or downward in the chain to the business "units" that oversee defendant's ground school campuses (*i.e.*, Kaplan Higher Education Campuses) and online university ("Kaplan University" or ICAC). (*See* Seelye Dep. at 6-7, and Ex. 2.) Seelye's testimony suggests that Kaplan, Inc. and ICAC are viable defendants.

Contrary to KHEC's arguments, Mr. Paetsch's declaration does not clarify specifically where the function of managing defendant's applicant screening process resides in defendant's corporate structure. Indeed, Mr. Paetsch's declaration creates more confusion. Mr. Paetsch states that there never has been any entity called "Kaplan Higher Education, Inc." (Paetsch Dec. at ¶ 8.) Mr. Paetsch describes a corporate structure in which "Kaplan, Inc." is the parent of

8

Kaplan Higher Education Corporation, which in turn owns "two groups of schools: (1) bricks-and-mortar campuses offering career-oriented certificate, diploma and associate's degree programs . . . and (ii) Kaplan University, which offers four-year undergraduate degrees, as well as graduate degrees. (*Id*. at ¶ 9.) The first group of schools is collectively referred to as "Kaplan Higher Education Campuses" but there is no legal entity by that name. The second group of schools include an on-line university operated by ICAC. (*Id*. at ¶¶ 10,13.) Mr. Paetsch states that the July 2011 restructuring "did not dissolve or otherwise change the corporate structure or operations of Kaplan, Inc., or Kaplan Higher Education Corporation or any of its subsidiaries, including ICAC," but simply reassigned "personnel into one specific business entity or another, which eliminated (or 'de-layered') the pool of shared services employees that were formerly known as 'KHE' personnel." (*Id*. at ¶¶ 20, 21.) Mr. Paetsch's declaration conflicts with Mr. Seelye's testimony and defendant's counsel's representations.

Moreover, the EEOC points out in its reply brief that Kaplan, Inc. and ICAC have represented themselves in other litigation as being responsible (with KHEC) for operating the Kaplan College/Kaplan Career Institute campuses. *See* Complt., *Iowa College Acquisition Corporation, et al. v. Jonathan David, et al.*, Case No. 1- 11 CV 23824 (S.D. Fla.) (attached to EEOC Reply at Ex. 1). In addition, the EEOC notes that Mr. Seelye and the executive who performs credit review checks, Howard Rogoff, both testified that Kaplan, Inc. created the credit check criteria that applied to credit check reviews by KHEC and ICAC. (*See* Seelye Dep. at 35-36, 54-55; Rogoff Dep. at 60.)

In sum, the evidence presented as to defendant's corporate structure and the effect of the 2011 reorganization on the corporate structure indicates that it is at least possible that Kaplan,

Inc. and ICAC have responsibility for the practices challenged in this litigation. Therefore, it is in the interest of justice for the Court to allow the EEOC to file an amended complaint adding Kaplan, Inc. and ICAC as defendants in the case, particularly given the fact that KHEC first raised the suggestion that the complaint should be amended. In opposing the EEOC's motion for leave to amend, KHEC argues that "joinder" of Kaplan, Inc. is not needed or appropriate because KHEC remains a corporation in good standing. However, given the evidence suggesting that KHEC's functions have been shifted to other entities, and the fact that KHEC is largely responsible for creating the confusion as to the impact of its reorganization, the better course is to allow the EEOC to amend its complaint to allege its Title VII claim against Kaplan, Inc. and ICAC and permit those entities to demonstrate why the EEOC has no viable claim against them in a motion to dismiss. Furthermore, the Court does not find that the EEOC unreasonably delayed seeking to amend its complaint or that Kaplan, Inc. or ICAC will be unfairly prejudiced by allowing amendment. The deadline for discovery has not passed, the dispositive motion deadline is August 1, 2012, and no trial date has been set.

**Conclusion**

For the reasons stated above, the EEOC's motion for leave to file an amended complaint naming Kaplan, Inc. and ICAC as defendants is granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/29/12