**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Equal Opportunity Employment Commission, | ) ) ) | CASE NO. 1:10 CV 2882 |
| Plaintiff, | ) ) | JUDGE PATRICIA A. GAUGHAN |
| Vs. | ) ) | |
| Kaplan Higher Education Corp., et al., | ) ) | **Memorandum of Opinion and Order** |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon plaintiff EEOC's Revised Motion for Reconsideration and Incorporated Memorandum of Law (Doc. 120). This is a disparate impact case. For the reasons that follow, the motion is DENIED.

**FACTS**

Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), brings this lawsuit against defendants, Kaplan Higher Education Corporation ("KHEC"), Kaplan, Inc. ("KI"), and Iowa College Acquisition Corporation d/b/a/ Kaplan University ("KU"), alleging that

1

defendants' use of credit reports in the hiring process has an unlawful disparate impact on Black applicants.

Defendants moved to partially dismiss plaintiff's complaint on the grounds that the 300-day statute of limitations applies to limit plaintiff's claim.  The Court granted the motion.  Defendants then moved to exclude the reports and testimony of plaintiff's expert, Dr. Kevin R. Murphy.  This Court granted the motion.  The Court then granted defendants' motion for summary judgment on the ground that plaintiff failed to present sufficient evidence of disparate impact discrimination to establish a *prima facie* case.

Plaintiff now moves for reconsideration.  Plaintiff argues that the Court erred in excluding Dr. Murphy's opinion.  Assuming *arguendo* that the Court properly excluded Dr. Murphy's opinion, plaintiff argues that the Court nonetheless erred in granting summary judgment.  Plaintiff also asks the Court to reconsider its decision with regard to the statute of limitations.  Defendants oppose all of plaintiff's arguments.  Each will be addressed in turn.

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. "Instead, such motions, if served within [twenty-eight][1] days of entry of judgment, are considered motions to alter or amend judgments pursuant to [ ] Rule 59(e)." *Stubblefield v. Skelton*, unreported, 117 F.3d 1421 (6th Cir. July 10, 1997), *citing Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). "Generally, there are three major situations which justify a court reconsidering one of its orders: 1) to accommodate an intervening change in

---

[1] This rule was amended to increase the filing period from ten to twenty-eight days.

2

controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or to prevent a manifest injustice." *Hancor, Inc. v. Inter American Builders Agencies*, 1998 WL 239283 (N.D. Ohio March 19, 1998), *citing In re Continental Holdings, Inc.*, 170 B.R. 919, 939 (Bankr. N.D. Ohio 1994). The twenty-eight day filing period, however, is jurisdictional in nature, and any motion to reconsider filed outside this time frame is of no effect. *Feathers v. Chevron, U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). A motion to reconsider filed more than twenty-eight days after the entry of judgment is appropriately treated as a motion for relief from judgment under Rule 60(b).

> The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion, however. A timely Rule 59 motion may be granted 'for any of the reasons which rehearings have heretofore been granted in suits in equity in the courts of the United States.' A Rule 60(b) motion, by contrast, may be granted only for certain specified reasons....

*Id*.

Rule 60(b) provides that relief may be granted only for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud, misrepresentation, or other misconduct of an adverse party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, release, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6)  any other reason justifying relief from the operation of the judgment.

Here, defendants argue that plaintiff's motion should be treated as a motion for relief

3

from judgment because it was untimely filed. In response, plaintiff argues that the Court entered judgment on January 28, 2013 and "twenty-eight days later, on February 26, 2013, [plaintiff] filed its motion for reconsideration pursuant to Rule 59(e)." Of course, even a simple calculation demonstrates that plaintiff's motion was not filed within 28 days of the Court's entry of judgment. Rather, the time period between January 28, 2013 and February 26, 2013 is twenty-*nine* days. Even after defendants pointed out the untimeliness of plaintiff's motion, plaintiff continued to erroneously assert to this Court that the motion was timely filed. Although miscalculations of time may occur, one would assume that before persisting in its representation of timeliness, plaintiff would have double-checked its efforts. Accordingly, because the motion was not filed within 28 days of the Court's entry of judgment, the Court will apply the stricter standards contained in Rule 60(b) to plaintiff's motion.

### **ANALYSIS**

1. Exclusion of plaintiff's expert

Plaintiff argues that the Court erred in excluding plaintiff's expert. According to plaintiff, the Court should have considered an affidavit prepared by Dr. Murphy and filed by plaintiff in opposition to defendants' motion to exclude. Plaintiff also argues that the Court did not resolve whether the UGESP applies and, if so, what consequence flows from defendants' failure to retain data. Plaintiff claims that the Court applied *Daubert* "too rigidly" and that defendants' challenges to the report were merely "hypothetical." Each argument will be separately addressed.

A. Dr. Murphy's affidavit

According to plaintiff, the Court erred by refusing to consider Dr. Murphy's opinion that,

even if data obtained through the "race raters" is not considered, Dr. Murphy's "reanalysis" shows that credit checks nonetheless have a disparate impact on African-Americans. This opinion was provided in an affidavit submitted in connection with plaintiff's brief in opposition to defendants' motion to exclude.  Plaintiff argues that the Court erred in concluding that the evidence was untimely submitted.  According to plaintiff, the Court considered other aspects of this affidavit and should have considered it in its entirety.  In response, defendants point out that, although the Court found the new opinion to be untimely submitted, the Court nonetheless considered the opinion and properly determined that the opinion was not based on a sample of data that was shown to be random or representative of the whole.

Upon review, the Court finds that plaintiff wholly fails to present any grounds for reconsideration.  As an initial matter, the Court notes that it considered the aspects of Dr. Murphy's affidavit that do not amount to new opinions and/or new analysis.  For example, plaintiff complains that the Court considered Paragraph 11.  However, a cursory review of Paragraph 11 shows that the statements contained in that paragraph are explanations for previously disclosed expert opinions.  In fact, the paragraph begins, "As discussed in my deposition...."  On the other hand, Paragraph 18 is a new expert opinion, which was admittedly not previously disclosed.  That paragraph reads as follows:

> In Kaplan's November 30, 2012 motion to exclude...Kaplan challenges generally the reliability of race-identifying individuals..... *In response to Kaplan's...motion*, I removed from my data set the individuals who were race identified by DMV photo alone. *Then I re-analyzed my data set*.  As explained in Exhibit D to this Declaration, the conclusion was the same.  This *reanalysis* shows that Kaplan's credit checks have a significant disparate impact on African Americans.

(Emphasis added).

Plaintiff disingenuously attempts to argue that this is not a "*new* analysis, but rather a

5

*re*analysis." On its face, Dr. Murphy's opinion was created in response to a motion filed by defendants and constitutes a *different* analysis, which was not timely disclosed to defendants. Plaintiff argues that Sixth Circuit law prevents this Court from striking portions of an affidavit that contradict deposition testimony. This, however, is not what the Court did. Regardless, although plaintiff devotes a significant amount of briefing to this issue, plaintiff wholly fails to address the fact that the Court *did* go on to consider this opinion and reject it. Plaintiff simply offers no grounds for reconsideration on this point.

        B. The UGESP

Plaintiff next argues that the Court erred in failing to apply the EEOC's Uniform Guidelines on Employee Selection Procedures, 29 C.F.R. § 1607. According to plaintiff, these guidelines require that defendant maintain data on applicants. As such, because defendant did not maintain this information, the Court should have "resolve[d] whether UGESP applies and, if so, what consequence flows from [defendants'] failure to comply with its duty to retain such data." In response, defendants argue that the UGESP are not binding on employers and moreover, the language in relevant sections of the Code of Federal Regulations is permissive.

In its brief in opposition to defendants' motion to strike, plaintiff simply pointed out that defendants did not maintain data and that there was no evidence in the record indicating as such. Plaintiff asked for no relief and did not argue the legal ramifications of any alleged failure. Now, in a motion for reconsideration, plaintiff asks for (1) an inference of spoliation; (2) an inference of adverse impact; (3) a finding of estoppel and/or unclean hands. Because defendants never sought this relief or made any of these arguments in the multiple motions filed in this matter, the Court will not consider these arguments now.

6

C. The Court's application of *Daubert*

Plaintiff argues that the Court applied *Daubert* "too rigidly." It appears that plaintiff now argues that its use of "race raters" is not scientific at all. Rather, a layperson could adequately determine whether a person fell into one of five categories created by plaintiff's expert. As a result, the "rate of error" factor should not apply to this case. Even so, plaintiff argues, it proved that the photo assessments had a rate of error of less than 5%. Plaintiff also argues that it need not have established that "race rating" is a peer reviewed technique. Nonetheless, plaintiff now attempts to establish, through a "supplemental declaration," that the technique has been subjected to peer review. In response, defendants argue that by conceding that Dr. Murphy's technique was "not scientific," plaintiff admits that the opinion fails to satisfy *Daubert*. Defendants further argue that the Court accurately analyzed Dr. Murphy's testimony as it relates to the rate of error and the fact that the sample size used to test the data was not random or representative. Defendants further argue that the Court properly applied the *Daubert* factors, and that "peer review" is only one of the factors analyzed by the Court.

Upon review, the Court finds that plaintiff fails to establish that it is entitled to reconsideration. All of the arguments raised by plaintiff are re-arguments of issues previously addressed and resolved by the Court. Moreover, the Court will not consider the newly filed affidavit submitted by Dr. Murphy. Plaintiff offers no explanation or reason as to why the information was not submitted in connection with the original briefing. Nor does plaintiff establish that the information constitutes new evidence that could not have been discovered in sufficient time to move under Rule 59(e).

D. Hypothetical challenges

7

The Court has reviewed the parties' arguments regarding the allegedly "hypothetical" nature of defendants' challenges to plaintiff's statistics. Plaintiff points to no error warranting reconsideration.

2. Summary judgment

A. "Other" statistical evidence

Plaintiff argues that the Court erred in determining that it failed to present evidence sufficient to establish a *prima facie* case. According to plaintiff, even if the Court does not consider the racial statistics offered by Dr. Murphy, sufficient evidence of "national statistics" existed in the record such that summary judgment should not have been granted. In response, defendants argue that plaintiff never made this argument in opposition to defendants' motion for summary judgment. Nor did plaintiff point to any record evidence supporting this contention.

Upon review, the Court rejects plaintiff's argument. Not only did plaintiff not make this argument in the initial briefing, even in the context of its motion to reconsider plaintiff fails to specifically cite or discuss any record evidence supporting its argument. This Court has no obligation to search the record in support of evidence in plaintiff's favor. Accordingly, reconsideration is not warranted.

B. Non-expert testimony of race

Plaintiff argues that race identification does not require expert testimony. According to plaintiff, courts have routinely held that a layperson is capable of accurately identifying race. Plaintiff argues that the Court therefore erred when it "concluded that race must be distilled into scientific categories, marked by clear-cut categories...." In response, defendants point out that the Court never concluded as such. Rather, plaintiff's expert "presumed that such 'clear-cut

8

categories' [exist] when he asked his race raters to sort photographs into five racial buckets." Defendants further argue that plaintiff fails to identify any basis warranting reconsideration. Moreover, according to defendants, the cases relied on by plaintiff do not require the *accuracy* of the race determination. Rather, they involve only the perception of race. Therefore, errors in assessment are not relevant to the outcome of the cases cited by plaintiff.

Upon review, the Court finds that plaintiff fails to present any grounds justifying reconsideration of this Court's previous Order. In this case, plaintiff's expert asked the "race-raters" to identify a person's race from among *five* race categories, including one labeled "other." Plaintiff offers no evidence that a layperson can determine whether for example, a medium-skinned individual identifies with the Caucasian race or whether the individual is bi-racial and, thus would belong in the "other" category. As plaintiff points out, this Court is the trier of fact in this case.[2] This Court or any trier of fact would not be able to place each photograph into one of five "race categories" without committing some errors. Without knowing the percentage of errors the Court would surely commit, the evidence would not be admissible. Accordingly, plaintiff's argument is not well-taken.

3. Statute of limitations

Plaintiff argues that an intervening change in the law requires that the Court reconsider its ruling on the statute of limitations. Specifically, plaintiff argues that the Sixth Circuit decided *Serrano v. Cintas Corp.*, 699 F.3d 884 (6th Cir. 2012), which makes clear that a charge need not

---

[2] Plaintiff points out that the Court mentioned in passing that a "jury" would be the trier of fact. To the extent the Court may have erred in so stating, the issue is wholly irrelevant to plaintiff's argument.

be filed by the EEOC in order to pursue a claim under Section 707. Therefore, the 300-day limitation period applicable to charges cannot apply to the EEOC's claim since no charge was required in the first instance. In response, defendants argue that a change in decisional law is ordinarily insufficient to warrant "extraordinary relief" under Rule 60(b). Regardless, defendants argue that *Serrano* did not affect the statute of limitations issue. Rather, it simply held that the EEOC may bring a pattern and practice claim under Section 706.

Upon review, the Court finds that reconsideration is not warranted in that the Court granted summary judgment to defendants. Even if the Court were to reconsider its decision regarding the statute of limitations, the Court finds no basis on which to reconsider its summary judgment ruling. Therefore, any reconsideration of the Court's ruling on the motion to dismiss would be moot because no relief could be afforded.

**CONCLUSION**

For the foregoing reasons, the EEOC's Revised Motion for Reconsideration and Incorporated Memorandum of Law is DENIED.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Judge

Dated: 5/6/13